UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DWAYNE BERMAN COOPER,

     Petitioner,

v.                                                                    Case No. 5:12-cv-321-Oc-30PRL

WARDEN, FCC COLEMAN- USP I,

     Respondent.

_____/

## ORDER DISMISSING PETITION

Petitioner, *pro se*,  is a federal prisoner at the Coleman Federal Correctional Complex within this district.  Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), in which he challenges his conviction and sentence imposed in the Jacksonville Division of this Court.  *See United States v. Cooper,* case no. 3:96-cr-29-J-20-HTS.[1]  Respondent has filed a response maintaining the Petition should be dismissed because Petitioner attempts to use section 2241 to challenge the validity of his sentence..  (Docs. 5, 11).

## Discussion

In the Petition, the Petitioner attacks the validity of his conviction and sentence rather than the means of execution.  Petitioner unsuccessfully pursued relief under 28 U.S.C. § 2255

---

[1]Petitioner was indicted for conspiracy to possess with intent to distribute crack cocaine and possession of cocaine with intent to manufacture crack cocaine, in violation of 21 U.S.C. § 846 (count one); aiding and abetting the possession f crack cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count two); and aiding and abetting the possession of cocaine with intent to manufacture crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and18 U.S.C. § 2 (count three).

in the sentencing court.[2]  Thus, it is clear that Petitioner is now pursuing relief in this Court

under § 2241 because filing a motion under § 2255 would be barred as a successive petition.

*See* 28 U.S.C. § 2255.  However, under these circumstances Petitioner is expressly precluded

by § 2255 from pursuing any remedies under § 2241.  Section 2255 states that an application

such as this  "shall not be entertained if it appears that the applicant has failed to apply for

relief, by motion, to the court which sentenced him, or that such court denied him relief[.]"

The Petitioner seeks to avoid the preclusive effect of that prohibition by invoking the

"savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that

the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the

applicant's] detention."   However, the unavailability of relief under § 2255 because of a

limitation bar, the prohibition against successive petitions, or a procedural bar does not

demonstrate that the § 2255 remedy is inadequate or  ineffective.  *Wofford v. Scott*, 177

F.3d 1236, 1244 (11th Cir. 1999).  In  Wofford, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that
> claim is based upon a retroactively applicable Supreme Court
> decision; 2) the holding of that Supreme Court decision
> establishes the petitioner was convicted for a nonexistent
> offense; and, 3) circuit law squarely foreclosed such a claim at
> the time it otherwise should have been raised in the petitioner's
> trial, appeal or first § 2255 motion.

Id. (emphasis added).

---

[2]*See United States v. Cooper,* case no. 3:96-cr-29-J-20-HTS at Doc. 253.

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." Id. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

Petitioner has not demonstrated that he is entitled to pursue his claims under the savings clause pursuant to *Wofford*.  To the extent Petitioner relies on *DiPierre v. United States*, 131 S. Ct. 2225 (2011),[3] the Petition is  due to be dismissed because *DiPierre* is not retroactively applicable, and the case does not render Petitioner actually innocent of his offense.

## Conclusion

In light of these conclusions, which unmistakably govern the disposition of the petition in this case, Petitioner is not entitled to habeas relief in this § 2241 proceeding. Accordingly, the Petition is **DISMISSED with prejudice** and the Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 19, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

_____

[3]In *DiPierre*, the Supreme Court held that the term "cocaine base," as used in 21 U.S.C. §841(b)(1) refers to not just crack cocaine, but any cocaine in its chemically basic form.

3